Citation Nr: 1513896 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 11 14-001 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to a waiver of recovery of an overpayment of VA benefits in the amount of $24,357.00.

(The Board will address the issue of entitlement to service connection for the cause of the Veteran's death in a separate decision.) 


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant

 
ATTORNEY FOR THE BOARD

Alexander Panio, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1968 to January 1970. The Veteran died in July 2004, and the appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2010 determination by the Department of Veterans Affairs (VA) Debt Management Center (DMC) in Ft. Snelling, Minnesota. The appeal has since been transferred to the jurisdiction of the Regional Office in Milwaukee, Wisconsin.
 
In November 2012 the Board remanded this case for further development. The case has returned to the Board for appellate review.

The appellant testified at a videoconference hearing before the undersigned Veterans Law Judge in February 2015. A transcript of those proceedings is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

The appellant claims entitlement to a waiver of recovery of an overpayment of VA benefits in the amount of $24,357.00. This overpayment appears to be the result of pension benefits paid to the appellant following the Veteran's death in July 2004. 

The DMC denied the appellant's request for a waiver in a November 2010 determination. The reason given was the appellant had initially been notified of the debt in September 2009 and had not requested a waiver within 180 days of that notification. 38 C.F.R. § 1.963(b). However, the evidence of record indicates that the appellant was granted a partial waiver of her debt in June 2010. It appears that the partial waiver was granted based on a waiver request received in May 2010, which also would not have been within 180 days of the initial notification of the debt. 

No explanation is contained in the record for why the May 2010 request for waiver was deemed acceptable for a partial waiver but not a full waiver. Furthermore, there is no accounting in the record before the Board of how the DMC arrived at the figures for the initial debt or the partial amount subsequently waived.

Furthermore, in correspondences and at the appellant's Board hearing she has questioned the validity of the debt itself. She has asserted that the debt was improperly calculated to begin with, and that the November 2012 award of accrued benefits for the service connection of the Veteran's posttraumatic stress disorder should have extinguished the debt, which she maintains, still results in ongoing deductions from her Social Security Administration payments.

A debtor may dispute the amount or existence of a debt, which is a right that may be exercised separately from a request for waiver or at the same time. See 38 C.F.R. § 1.911(c)(1) (2011); see also VAOPGCPREC 6-98. When the validity of the debt is challenged, a threshold determination must be made on the question of the propriety of the creation of the debt prior to a decision on the waiver of indebtedness. See Schaper v. Derwinski, 1 Vet. App. 430, 437 (1991).

As the question of the validity of the Veteran's debt has not been adjudicated by the agency of original jurisdiction (AOJ), the Board must defer a determination regarding waiver of recovery of the overpayment until the question of the validity of the underlying debt has been adjudicated.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Any documentation or explanation concerning the appellant's overpayment and request for waiver should be obtained from the VA Debt Management Center, to include:

a) any pertinent information contained in the Veteran's IVM file as well as any correspondences between the appellant and the DMC or regional office concerning the matter.

b) a written paid and due audit of the appellant's account since the creation of the overpayment until now. This audit should reflect, on a month-by-month basis, the amounts actually paid to the appellant, as well as the amounts properly due, and a narrative that articulates the basis for the figures given. In addition, the audit should include the amount of the overpayment, if any, that may have been repaid by the appellant or deducted from her Social Security Administration benefits. 

A copy of the written audit should be added to the claims file and another provided to the appellant and her representative.

c) an explanation for how the partial waiver was calculated and why a full waiver was not granted.

3. The AOJ should then adjudicate whether the underlying debt and subsequent overpayment are valid. 

If it is determined that any or all of the overpayment at issue was improperly created, action should be taken to rectify the error. In any case, the appellant and her representative should be informed of the decision made and should be allowed the requisite period of time for a response.

4. Then readjudicate the issue of the appellant's entitlement to a waiver of recovery of the overpayment. If the benefits sought on appeal remain denied, furnish the appellant and her representative with a Supplemental Statement of the Case and afford them the opportunity to respond before the file is returned to the Board for further consideration. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL E. KILCOYNE 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).